## STATE OF CONNECTICUT *v.* NICHOLAS J. PANELLA, JR.
### (14681)

Foti, Spear and Hennessy, Js.

Argued June 6—officially released September 10, 1996

*G. Douglas Nash*, public defender, for the appellant (defendant).

*Carolyn K. Longstreth*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Christopher A. Parakilas*, assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault in the third degree in violation of General Statutes § 53a-61, interfering with an officer in violation of General Statutes § 53a-167a, and assault of a peace officer in violation of General Statutes § 53a-167c. He claims that (1) the trial court improperly instructed the jury that it must find that the defendant was warding off an assault before considering whether he was justified in his use of force against a police officer who was arresting him, and (2) the evidence was insufficient to support the verdict of guilty of assault in the third degree. We affirm the judgment of conviction.

The jury reasonably could have found the following facts. On December 23, 1993, East Windsor police officers responded to a report of domestic violence at the defendant's house. At a nearby house, Officer John Ferguson spoke to Shana Mitchell, the defendant's live-in girlfriend at the time. Mitchell told Ferguson that the defendant had tried to push her out of a window and that she wanted the defendant arrested. Ferguson

noticed that Mitchell had sustained a cut to her arm from the incident.

Ferguson and Officer Bruce Everitt then proceeded to the defendant's house to arrest him. The officers determined that the defendant was intoxicated on the basis of his slurred speech, bloodshot eyes, and odor. The officers questioned the defendant about the incident that night. After the defendant claimed that nothing had happened, Ferguson informed the defendant that Mitchell had given a statement, that there was physical evidence of abuse, and that he was under arrest. The defendant responded: "The fire is burning. I am going to burn and you're going to burn with me. I am not going to fucking jail. Fuck you." The defendant then jumped out the second floor window onto the porch roof. The officers attempted to bring the defendant inside by grabbing his belt and wrapping their arms around his neck and feet. Ferguson went downstairs to the front lawn below the defendant, but could not reach him. The defendant continued to punch Everitt as Everitt continued to hold on to the defendant's foot. The defendant eventually freed himself from Everitt's grasp and fell off the roof onto Ferguson.

Ferguson again told the defendant that he was under arrest and again attempted to handcuff the defendant. In response, the defendant kicked and punched Ferguson repeatedly. The defendant then said, "I'm going to kill you," and proceeded to reach for Ferguson's gun. Ferguson then struck the defendant in the head with a steel flashlight, causing the defendant to bleed heavily. The officers tackled the defendant as he attempted to flee and eventually handcuffed him.

At trial, the defendant disputed the officers' account of the incident, but admitted that his recollection of the events was vague. He testified that he climbed out the window because he feared for his safety. He further

testified that he did not remember being told that he was under arrest and that he did not remember fighting with Ferguson on the front lawn. The defendant did recall, however, being struck with the flashlight.

## I

The defendant first claims that the trial court improperly instructed the jury that it must first find that the defendant was warding off an assault before considering whether he was justified in his use of force against an officer.[1] The defendant asserts that the trial court's instruction eliminated his self-defense claim that he was entitled to resist an arrest effectuated by excessive force.[2]

"An improper instruction on a defense, like an improper instruction on an element of an offense, is of constitutional dimension. . . . In either instance, [t]he standard of review to be applied to the defendant's constitutional claim is whether it is reasonably possible that the jury was misled. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge.

---

[1] The relevant portions of the trial court's instruction to the jury are as follows: "The fact that the defendant thought that the attempted arrest was wrongful or that a peace officer was acting unlawfully is no defense to his use of force which was unjustified. The defendant Mr. Panella contends, however, that any struggle that ensued during the course of his arrest was not due to his interfering with an officer, but rather was the result of an assault on him by the police officers. . . . Further, if you find that the defendant struggled with the officer to ward off an assault, the defendant contends our law is that the use of reasonable force to defend oneself against an assault by an officer may be justified. . . . The state must disprove self-defense beyond a reasonable doubt, therefore, if you find the defendant struggled with the officers to ward off an assault, you must consider the defendant's claim of self-defense or justification. If you find that existed and the state has not disproved their defense beyond a reasonable doubt, you must find the defendant not guilty."

[2] We conclude that the defendant adequately preserved this claim pursuant to Practice Book § 315 by filing a written request to charge that sufficiently alerted the trial court as to the legal proposition on which he was relying.

. . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Citations omitted; internal quotation marks omitted.) *State* v. *Prioleau*, 235 Conn. 274, 284, 664 A.2d 743 (1995). "While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) *State* v. *Adams*, 38 Conn. App. 643, 658, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995).

The defendant argues that the instruction improperly eliminated his self-defense claim that he defended himself against excessive police force used to effectuate his arrest. Having reviewed the charge as a whole, we conclude that the charge was correct in law and was adapted to the issues and facts presented at trial. It is not reasonably possible, therefore, that the jury was misled.

The trial court instructed the jury to consider the defendant's claim of self-defense if it found that he was warding off an assault rather than resisting arrest. This instruction was properly adapted to the evidence, and accounted for the different versions presented by the state and the defendant. The defendant testified that Ferguson attacked him with a flashlight without provocation. The defendant further testified that he resisted because he feared for his life, and that this fear was based on his belief that "police officers have a reputation of beating [and] of assaults . . . ." Moreover, the defendant testified that no one told him that he was under arrest. Accordingly, the defendant's own testimony establishes that he used force not to resist an arrest, but rather to ward off what he believed to be an assault.

The trial court, in adapting its charge to the evidence, instructed the jury that "if you find the defendant strug-

gled with the officers to ward off an assault, you must consider the defendant's claim of self-defense or justification." This instruction comports with the defendant's testimony. We conclude, therefore, that the instruction was correct in law, adapted to the evidence, and sufficient to guide the jury.

## II

The defendant next claims that the evidence was insufficient to support a conviction of assault in the third degree. He argues that the state failed to present sufficient evidence to establish, beyond a reasonable doubt, that the victim sustained physical injury or that the defendant intentionally inflicted physical injury. We disagree.

"In reviewing a sufficiency [of the evidence] claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Greenfield*, 228 Conn. 62, 76, 634 A.2d 879 (1993). "[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 132, 646 A.2d 169 (1994). "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." Id., 134.

General Statutes § 53a-61 (a) provides in part that "[a] person is guilty of assault in the third degree when:

(1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person . . . ." The defendant argues that the state failed to prove beyond a reasonable doubt that he intentionally caused physical injury to Mitchell or that Mitchell sustained such physical injury. General Statutes § 53a-3 (3) defines "physical injury" as the "impairment of physical condition or pain."

Ferguson, testifying as to a conversation he had with Mitchell on the night of the assault, stated that "she had a cut on her arm which she said that she had gotten . . . from a window frame and [the defendant] tried to push her out the window." On the basis of this testimony, the jury reasonably could have concluded that (1) the cut to Mitchell's arm constituted an impairment of physical condition pursuant to § 53a-3 (3), (2) the defendant caused such injury when he attempted to push Mitchell out of the window, and (3) the defendant had the intent to cause physical injury.[3] We conclude, therefore, that the evidence was sufficient to support a conviction of assault in the third degree.

In the alternative, the defendant urges this court to replace our well established standard for evaluating claims of insufficient evidence with a less deferential standard espoused by federal Judge Jon Newman. See

[3] It is axiomatic that the defendant need not have intended to cause the specific injury that Mitchell suffered to support a finding of intent. Instead, the defendant need only have intended to cause some physical injury when he attempted to push Mitchell out of the window. The jury could have reasonably inferred that, by attempting to throw Mitchell out a second floor window, the defendant intended to cause injury to Mitchell that would result from her struggle to stay inside the house or from her fall to the ground approximately eleven feet below. "Intent may be, and usually is, inferred from the defendant's verbal or physical conduct." *State* v. *Smith*, 35 Conn. App. 51, 63, 644 A.2d 923 (1994); see also *State* v. *Francis*, 228 Conn. 118, 128, 635 A.2d 762 (1993); *State* v. *Smith*, 212 Conn. 593, 603, 563 A.2d 671 (1989).

J. Newman, "Beyond 'Reasonable Doubt,' " 68 N.Y.U. L. Rev. 979 (1993). We decline to do so. The standard of review applicable to sufficiency claims has been established by our Supreme Court precedent. See, e.g., *State* v. *Sivri*, supra, 231 Conn. 115; *State* v. *Greenfield*, supra, 228 Conn. 62. Whether our Supreme Court precedent should be reexamined, discarded or changed is not for this court to decide. *State* v. *Oliver*, 41 Conn. App. 139, 146, 674 A.2d 1359 (1996); *State* v. *Adams*, 36 Conn. App. 473, 477, 651 A.2d 747 (1994), appeal dismissed, 235 Conn. 473, 667 A.2d 796 (1995).

The judgment is affirmed.

In this opinion the other judges concurred.