STATE OF CONNECTICUT *v.* JOHN VASQUEZ
(AC 17951)

Foti, Hennessy and Stoughton, Js.

Argued March 23—officially released June 8, 1999

*Frank P. Cannatelli*, for the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Victor Carlucci, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, John Vasquez, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a), sale of narcotics in violation of General Statutes § 21a-277 (a),[1] and sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b).[2]

---

[1] The defendant was convicted of sale of narcotics as a lesser included offense of the crime of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).

[2] The defendant was sentenced to a period of incarceration of two and one-half years on the first count, a concurrent sentence of seven years on the second count, and a consecutive sentence of three years on the third count. The defendant's total effective sentence is ten years.

The defendant claims that (1) there was insufficient evidence to support his conviction, (2) his conviction of possession of narcotics and sale of narcotics were unconstitutional both in placing a burden on him to prove an affirmative defense of drug dependency and in violation of his constitutional right against double jeopardy[3] and (3) the trial court abused its discretion in failing to consider whether the defendant was drug-dependent when it sentenced him.[4] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 11, 1995, at approximately 3 p.m., law enforcement officers were conducting an undercover narcotics investigation in the Newhallville section of New Haven. Detective Michael Henry drove down Starr Street toward Winchester Avenue seeking to purchase narcotics. He observed two black men, stopped his vehicle and indicated that he wanted to purchase "two pieces" of cocaine. One of the two approached Henry and handed him one piece of cocaine in a plastic bag. Henry gave the man $20. This man wore a black coat, light colored jeans, an unusually wide belt and a dark colored hat. Henry told the man that he wanted two pieces. The seller stated that he did not have any more and gave Henry $10 in change. Henry then left the area and broadcast a description of the seller. Henry drove to a prearranged location where he met with other police officers. The contents of the bag field-tested positive for cocaine in salt form, totaling 0.22 grams.

[3] The fifth amendment to the United States constitution provides in relevant part: "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." The defendant does not argue a violation of his state constitutional rights; therefore, we will consider only his claim under the federal constitution. See *State* v. *Joyce*, 229 Conn. 10, 16 n.7, 639 A.2d 1007 (1994).

[4] At oral argument before this court, the defendant withdrew a fourth claim: "The court erred in denying the defendant's motion for judgment of acquittal in light of the evidence presented at trial by the defendant who took the stand and maintained his innocence."

Within minutes of Henry's radio transmission of the seller's description, Karen Hale, a New Haven police officer, and her partner proceeded to the area where she observed the defendant, who fit the description given by Henry, standing in front of the same building where the sale had taken place. She knew the man from prior incidents and identified him as the defendant. Hale thereafter prepared a photographic array consisting of pictures of eight men with similar features, one of whom was the defendant. Henry immediately identified the defendant's photograph as being that of the person who had sold him the narcotics. A videotape, approximately thirty minutes in length, of the transaction between Henry and the defendant, which showed the activity in the area before and after the narcotics transaction, and focused on the defendant, was also admitted as evidence.

I

The defendant claims that there was insufficient evidence of the identity of the seller from which the jury could convict him. He claims that Hale's testimony is not credible because she testified that the defendant was standing alone when she saw him, yet the videotape shows another man wearing a bright red jacket.

"In reviewing a sufficiency [of the evidence] claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Greenfield*, 228 Conn. 62, 76, 634 A.2d 879 (1993). "[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not

required to draw only those inferences consistent with innocence." (Internal quotation marks omitted.) *State v. Sivri*, 231 Conn. 115, 132, 646 A.2d 169 (1994). "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." Id., 134.

The issue of identification is a question of fact to be resolved by the jury. *State v. Rivera*, 32 Conn. App. 193, 202, 628 A.2d 996, cert. denied, 227 Conn. 920, 632 A.2d 698 (1993). Identification may be shown by circumstantial as well as by direct evidence. *State v. Sparks*, 39 Conn. App. 502, 515, 664 A.2d 1185 (1995). Moreover, "[i]n considering the evidence introduced in a case, [j]uries are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts in hand, to the end that their action may be intelligent and their conclusions correct." (Internal quotation marks omitted.) Id., 517; see also *State v. Riccio*, 41 Conn. App. 847, 852, 678 A.2d 981, cert. denied, 239 Conn. 908, 682 A.2d 1011 (1996).

The evidence presented to the jury, which it obviously accepted as credible, was that Henry positively identified the photograph of the defendant as that of the man who had sold him the narcotics, made an in-court identification of the defendant and testified that he was absolutely positive that the defendant was the man who had sold him the narcotics. The jury has the sole and absolute responsibility to determine the credibility of the witnesses. *State v. Pinnock*, 220 Conn. 765, 778–79, 601 A.2d 521 (1992). Even if the jury had not considered Hale's testimony to be credible, the evidence was still clearly sufficient as to identification, based solely on

Henry's testimony. We conclude that the jury had sufficient evidence to identify the defendant as the seller of the narcotics.

## II

The defendant next claims that his constitutional rights were violated in that the state's burden of proof was diluted by the fact that he bore the burden of showing that he was drug-dependent and that his conviction for both possession and sale of narcotics violated the prohibition against double jeopardy. We are not persuaded.

## A

The defendant argues that he had to testify to persuade the jury of his drug dependency. The defendant claims that by so doing he had to admit impliedly to the illegal possession of narcotics, thereby effectively diluting the state's burden of proof on the possession charge.

"The design and effect of § 21a-278 (b) is to punish persons who are not drug-dependent and sell narcotics more severely than drug-dependent persons who sell narcotics. The legislature accomplishes that goal by providing for a five year mandatory minimum sentence for those convicted under § 21a-278 (b). A drug-dependent person can escape liability under § 21a-278 (b), and thus the five year mandatory minimum sentence, by proving that he was drug-dependent at the time of the offense. *State* v. *Januszewski*, 182 Conn. 142, 167, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981) (clear meaning of clause relating to absence of drug dependency to exempt particular class of persons from operation of statute). A drug-dependent person could, however, be convicted under § 21a-277 (a), which does not consider

drug dependency, but which also does not carry a mandatory minimum sentence. *State* v. *Paredes*, 35 Conn. App. 360, 372, 646 A.2d 234, cert. denied, 231 Conn. 925, 648 A.2d 166 (1994)." *State* v. *Jenkins*, 41 Conn. App. 604, 607, 679 A.2d 3 (1996).

By proving that he was drug-dependent at the time of the incident, the defendant assumes a posture akin to an affirmative defense, which does not relieve the state of its burden of proving beyond a reasonable doubt all of the essential elements of the possession of narcotics charge pursuant to § 21a-279 (a),[5] or the sale of narcotics charge pursuant to § 21a-277 (a),[6] as a lesser included offense of the original charge.

We also do not accept the defendant's argument that by putting forth evidence of his drug dependency, he is in effect admitting possession of a narcotic substance; evidence of drug dependency is not the same as admitting possession at the time of the incident in question. See footnote 9. We, therefore, conclude that the state's burden of proof was not unconstitutionally diluted.[7]

## B

The defendant next argues that his conviction on the first two counts of the information violates the prohibition against double jeopardy because it constitutes multiple punishments for the same offense.[8]

---

[5] General Statutes § 21a-279 (a) provides in relevant part: "Any person who possesses or has under his control any quantity of any narcotic substance . . . for a first offense, may be imprisoned not more than seven years . . . ."

[6] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells . . . to another person . . . a narcotic substance . . . for a first offense, shall be imprisoned not more than fifteen years . . . ."

[7] We note that the defendant was acquitted of violating General Statutes § 21a-278 (b), illegal sale of narcotics by a person who is not drug-dependant.

[8] Although this claim is unpreserved, the defendant's double jeopardy claim is reviewable because it involves a fundamental constitutional right. *State* v. *Devino*, 195 Conn. 70, 73, 485 A.2d 1302 (1985); *State* v. *Cooke*, 42 Conn. App. 790, 800, 682 A.2d 513 (1996).

"This argument has two prongs, each a necessary condition to its success: (1) the charges must arise out of the same transaction and (2) the charged crimes must be the same offense. Double jeopardy prohibits, inter alia, not only multiple trials, but also multiple punishments for the same offense in a single trial. . . .

"[T]he test for determining whether there are two offenses or only one [is articulated] in *State* v. *Devino*, 195 Conn. 70, 74, 485 A.2d 1302 (1985). . . . [T]he classic test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). . . . [T]his test . . . [refers] to the charging documents." (Citations omitted; internal quotation marks omitted). *State* v. *Sharpe*, 195 Conn. 651, 654, 491 A.2d 345 (1985).

As to the first prong, the information provides, and the state admits, that the charges against the defendant arose from a single act or transaction. We, therefore, must engage in the second step of the analysis. Our Supreme Court has stated: "Because one may possess narcotics without selling them, a conviction for illegal sale of narcotics requires proof of a fact that a conviction for illegal possession does not. Because one may either possess narcotics legally yet sell them illegally or sell narcotics without possessing them . . . a conviction for illegal possession . . . requires proof of a fact that a conviction for illegal sale does not. The crimes of which the defendant was convicted [are] different offenses . . . ." (Citation omitted.) *State* v. *Devino*, supra, 195 Conn. 75–76; see also *State* v. *Hart*, 23 Conn. App. 746, 758, 585 A.2d 103 (1991), rev'd on other grounds, 221 Conn. 595, 605 A.2d 1366 (1992).[9]

---

[9] "The realities of the illegal drug trade help emphasize the difference between possession and sale of narcotics. 'Distribution and possession are distinct criminal offenses, not only in terms of the length of time each lasts,

In this case, the state was required to prove possession as an element of possession of narcotics and sale as an element of sale of narcotics. Neither of those elements is required to support a conviction of the other offense. Therefore, the defendant's conviction for both possession and sale of narcotics did not place the defendant in jeopardy twice.

### III

The defendant claims last that the trial court, when sentencing him, abused its discretion in failing to consider that he was drug-dependent. He asserts that the trial court should have stated why it did not consider various sentencing alternatives. We are not persuaded.

A sentencing judge has very broad discretion in imposing any sentence within the statutory limits, and may consider a wide variety of information upon which it has a reasonable and persuasive basis for relying. See *State* v. *Barnes*, 33 Conn. App. 603, 609, 637 A.2d 398 (1994), aff'd, 232 Conn. 740, 657 A.2d 611 (1995). This court should not interfere with that discretion. See *State* v. *Huey*, 199 Conn. 121, 126, 505 A.2d 1242 (1986).

The sentences imposed were within the statutory limits. In fact, the defendant was sentenced to less than the statutory maximum. The trial court properly set forth its underlying rationale. We conclude that the

but also in terms of what particular stage of drug trafficking each [represents . . . .'] *State* v. *Davis*, 68 N.J. 69, 82, 342 A.2d 841 (1975). See *Albrecht* v. *United States*, 273 U.S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505 (1927). Nor does the fact that these two offenses are often committed in tandem prevent their being separately proscribed and punished. As the United States Supreme Court recognized in the context of federal narcotics laws, '[t]he fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic [for double jeopardy purposes].' *Gore* v. *United States*, 357 U.S. 386, 389, 78 S. Ct. 1280, 2 L. Ed. 2d 1405 (1958)." *State* v. *Devino*, supra, 195 Conn. 75 n.5.

sentencing court need not state its reasons for not considering sentencing alternatives. This claim is therefore without merit.

The judgment is affirmed.

In this opinion the other judges concurred.