## STATE OF CONNECTICUT *v.* TYRESE LITTLE
## (AC 17420)

Lavery, Spear and Kulawiz, Js.[1]

Argued December 4, 1998—officially released August 24, 1999

[1] This appeal was argued before a panel comprised of Judges Lavery, Spear and Kulawiz. Although Judge Kulawiz agreed with the other two judges regarding the resolution of this appeal, she died before she had the opportunity to concur with the written decision. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render this written decision.

*Frank P. Cannatelli,* for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Maxine Wilensky,* assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, Tyrese Little, appeals from the judgment of conviction, rendered after a jury trial, of possession of a narcotic substance with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[2] The jury also returned a guilty verdict on a second count charging the defendant with possession of a narcotic substance

---

[2] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years . . . . The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended . . . ."

with intent to sell in violation of General Statutes § 21a-277 (a).[3] The court merged the second count with the first and sentenced the defendant for violating § 21a-278 (b). The defendant claims that the trial court improperly (1) denied the jury's request to distinguish between the two charges and permitted convictions under both charges even though the charges required contrary findings of fact, (2) violated his right against double jeopardy by merging the two convictions and (3) permitted the state to introduce similar transaction evidence and engaged in an oral colloquy with the jury. The defendant's claims are without merit.

The jury reasonably could have found the following facts. On May 30, 1995, Officer Mark Pisciotti of the New Haven police department arrived at the corner of Putnam and Liberty Streets. Upon arriving, Pisciotti observed a group of men, including the defendant, disperse. Pisciotti saw the defendant reach into his pocket and discard a small plastic bag containing cocaine. Thereafter, Pisciotti apprehended the defendant, searched him and found $459 on him. The defendant was subsequently arrested and convicted. This appeal followed.

I

The defendant first claims that the trial court improperly denied the jury's request to distinguish between the two charges and permitted convictions under both charges even though the charges required contrary findings of fact. Specifically, the defendant claims that the

[3] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance . . . for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned . . . ."

trial court failed to clarify the difference between the two charges pursuant to the jury's request and violated his right against double jeopardy by permitting the jury to convict him under § 21a-278 (b), which requires the accused not to be drug-dependent, and § 21a-277 (a), which he contends requires the accused to be drug-dependent. The defendant's claims are wholly without merit.

The defendant claims that the trial court improperly denied the jury's request for the court to clarify the two charges. Additional facts are necessary to our resolution of this claim.

The trial court, during its charge, instructed the jury on the elements of each count. The trial court first instructed the jury on the elements of § 21a-278 (b) and then explained that as a defense to that charge the defendant had to prove, by a preponderance of the evidence, that he was drug-dependent. The trial court then instructed the jury on the elements of § 21a-277 (a). Finally, the trial court instructed the jury that it could find the defendant guilty of each charge.

The jury, during deliberations, sent the trial court a note asking for "clarification of charges." The trial court responded by explaining to the jury that a violation under § 21a-277 (a) is not controlled by whether the accused is drug-dependent. The defendant did not object to the trial court's response.

We conclude that the trial court properly instructed the jury. It is well settled that when reviewing a claimed instructional error, this court must determine "whether it was indeed reasonably possible that the jury was misled by the trial court's instructions . . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge." (Citations omitted; internal quotation marks omitted.) *State* v. *Prioleau*, 235 Conn. 274, 284,

664 A.2d 743 (1995). "While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) *State* v. *Panella*, 43 Conn. App. 76, 80, 682 A.2d 532, cert. denied, 239 Conn. 937, 684 A.2d 710 (1996).

That the defendant was not a drug-dependent person is not an element of § 21a-278 (b). *State* v. *Hart*, 221 Conn. 595, 608, 605 A.2d 1366 (1992). "[A] person charged with sale of narcotics pursuant to § 21a-278 (b) is presumed not to have been drug-dependent, but may avoid liability under § 21a-278 (b) by proving by a preponderance of the evidence that he was drug-dependent at the time of the offense." *State* v. *Jenkins*, 41 Conn. App. 604, 609, 679 A.2d 3 (1996). Furthermore, § 21a-277 (a) simply does not consider drug dependency. *State* v. *Vasquez*, 53 Conn. App. 661, 666, 733 A.2d 856 (1999). After reviewing the charge as a whole, we conclude that the trial court did not mislead the jury but accurately presented the law to them because its instructions, when read as a whole, were clearly correct in law, adapted to the issues and sufficient for guiding the jury. Accordingly, we conclude that the defendant's claim is without merit.

The defendant also claims that the trial court improperly allowed a factually inconsistent verdict to stand. The defendant argues that the verdict cannot stand since he could not be both drug-dependent and not drug-dependent at the same time. We are not persuaded.

To obtain a conviction under § 21a-278 (b), the state must prove that the defendant possessed narcotics with the intent to sell them. "[T]he absence of drug dependency is not an element of the offense . . . . Rather, [proof of drug dependency provides] an exemption from liability" that must be proved by the defendant. *State*

v. *Hart*, 221 Conn. 595, 608, 605 A.2d 1366 (1992). Likewise, to obtain a conviction under § 21a-277 (a), the state must prove that the defendant possessed narcotics with the intent to sell them. Those elements of the statutes, therefore, are identical. The difference between these statutes is not in their elements but in the potential mandatory minimum sentence provision of § 21a-278 (b). If the defendant does not prove by a preponderance of the evidence that he is drug-dependent, he is subject to the mandatory minimum sentence of § 21a-278 (b), whereas, if he proves that he is drug-dependent, the mandatory minimum sentence does not apply. *State* v. *Vasquez*, supra, 53 Conn. App. 666. Therefore, because drug dependency is not an element of either crime and merely provides a potential exemption from liability under § 21a-278 (b), and because the defendant failed to present evidence regarding his drug dependency, the trial court properly permitted the jury to find the defendant guilty under both statutes.

## II

The defendant's second claim is that the trial court improperly permitted the jury's verdict to stand. Specifically, the defendant claims that the trial court improperly merged the two counts because the "counts include elements contrary to the other, such that a conviction on both counts here amounts to a violation of this defendant's constitutional right against double jeopardy." We are not persuaded.

Additional facts are necessary to our resolution of this claim. The defendant, during his sentencing hearing, moved for a new trial, arguing that the jury convicted him of two separate counts, one of which was a lesser included offense of the other. In support of his motion, the defendant argued that the two convictions were factually inconsistent and that the trial court failed to instruct the jury that one count was a lesser included

offense of the other. The trial court denied the motion. The trial court noted, however, that because the jury convicted the defendant under two separate statutes containing the same elements, the defendant could not be sentenced under both statutes. The trial court, therefore, merged the second count into the first and sentenced the defendant under only the first count.

In *State* v. *Chicano*, 216 Conn. 699, 723, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991), our Supreme Court held that when a defendant is convicted of both greater and lesser offenses arising from a single transaction, the trial court is to combine the conviction on the lesser offense with the conviction on the greater offense and to vacate only the sentence of the lesser offense. "[T]his way, the conviction on the lesser offense is unaffected and may be resuscitated if the conviction on the greater offense is later vacated for some reason. A conviction on a lesser offense will, in effect, not exist separately as long as the conviction on the greater offense remains intact. This method ensures that there is no danger of double jeopardy or punishment beyond the legislature's intent. [Id.], 723–25." *State* v. *Cecarelli*, 32 Conn. App. 811, 827, 631 A.2d 862 (1993).

In *State* v. *Cavanaugh*, 23 Conn. App. 667, 680, 583 A.2d 1311 (1990), cert. denied, 220 Conn. 930, 598 A.2d 1100 (1991), the trial court found the defendant guilty of violating §§ 21a-277 (a) and 21a-278 (b) and sentenced the defendant on each of those counts to fifteen years incarceration, the sentences to run concurrently. This court reversed the trial court's judgment, holding that double jeopardy precludes the defendant from being sentenced under both § 21a-277 (a) and § 21a-278 (b), because § 21a-277 (a) is a lesser offense included in the offense of violating § 21a-278 (b). Id. We allowed both convictions to stand, however, and remanded with

direction to combine the defendant's convictions and to vacate his sentence under § 21a-277 (a). Id.

The trial court here properly merged the defendant's sentences and, therefore, did not violate the defendant's right against double jeopardy. At the sentencing hearing, the trial court stated that § 21a-277 (a) merged into § 21a-278 (b) for sentencing purposes. Moreover, the trial court indicated that the defendant's five year sentence was the minimum mandatory sentence set by § 21a-278 (b). Accordingly, we conclude that the defendant's claim is without merit.

## III

The defendant's final claim is that the trial court improperly permitted the state to introduce similar transaction evidence and engaged in an oral colloquy with the jury. The defendant's claims are without merit.

Prior to Pisciotti's testimony, the state filed a motion to introduce similar transaction evidence, through Pisciotti, of the defendant's prior arrest for selling narcotics. The state planned to use Pisciotti's testimony solely as evidence of the defendant's intent. The court concluded that Pisciotti's testimony would be more probative than prejudicial and granted the state's motion.

Pisciotti testified that in 1993 he and his partner observed the defendant selling narcotics and the defendant, upon seeing the officers, fled and attempted to hide the narcotics under a cardboard box. Pisciotti further testified that, upon arresting the defendant, he and his partner found packets of cocaine and $113. Following Pisciotti's testimony, the trial court instructed the jury that Pisciotti's testimony could be used only to show intent and not as evidence proving that the defendant was guilty of the crimes with which he was charged. The trial court, in its charge, reiterated

its instruction to the jury that the evidence of the defendant's prior misconduct was to be used solely to show his intent.

We find that the defendant's claim is without merit. "As a general proposition, evidence of guilt of other crimes, because of its prejudicial nature, is inadmissible to prove that a defendant is guilty of the crimes with which he is charged. . . . Such evidence is admissible for other purposes, however, such as when it is particularly probative in showing such things as intent . . . . The trial judge, however, must determine in the exercise of judicial discretion that its probative value outweighs its prejudicial tendency. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Baldwin*, 224 Conn. 347, 354–55, 618 A.2d 513 (1993).

In *Baldwin*, the defendant was charged with possession with intent to sell pursuant to § 21a-277 (a). The trial court admitted evidence of the defendant's prior sales of narcotics. Our Supreme Court held that the trial court properly admitted the prior misconduct evidence because "evidence that the defendant had been a seller of narcotics in the past is relevant to the nature of his possession of the drug at the time of the alleged offense." (Internal quotation marks omitted.) Id., 355. Moreover, the court concluded that because the evidence of the prior sales was so similar to the offense charged, the evidence was that much more probative. Id. Finally, the court balanced the probative value of the evidence against its prejudicial effects and concluded that any prejudice did not outweigh the probative value, especially in light of the court's limiting instructions. Id., 357.

Similarly, in the present case, the evidence of the defendant's prior narcotics sale is both relevant to and

probative on the issue of what the defendant intended to do with the drugs in his possession. The misconduct evidence was similar to the evidence before the jury. Further, because intent is an essential element of the crimes charged and was not directly and explicitly admitted before the jury, it was at issue at trial. *State* v. *Johnson*, 190 Conn. 541, 550, 461 A.2d 981 (1983). Therefore, the trial court reasonably could have determined that the evidence had significant probative value to prove intent. *State* v. *Baldwin*, supra, 224 Conn. 356.

Moreover, the record reflects that the trial court balanced the probative value of the evidence against the prejudicial effects and reasonably determined that any possible prejudice did not outweigh the probative value. Indeed, the trial court, to cure any possible prejudice, provided limiting instructions both after Pisciotti's testimony and in its jury charge. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the similar transaction evidence.

The defendant also claims that the trial court engaged in an improper colloquy with the jury. Specifically, the defendant claims that the trial court violated Practice Book § 845[4] by having direct oral communications with the jury.

The jury, while deliberating, gave the trial court a note asking for "clarification of charges." The trial court, on the record, informed the parties of the note's contents. Thereafter, the trial court and the parties agreed that the trial court would ask the jury to specify its request.

[4] Practice Book § 845, now § 42-7, provides: "All communications from the jury to the judicial authority shall be in writing. The judicial authority shall require that a record be kept of all communications received by him from a juror or the jury after the jury have been sworn, and it shall not communicate with a juror or the jury on any aspect of the case itself, as distinguished from matters relating to physical comforts and the like, except after notice to all parties and reasonable opportunity for them to be present."

The jury then entered the courtroom, at which point the trial court requested the jury to specify its request in writing. One juror asked whether the note could be written in the courtroom, to which the trial court responded that the jury could "huddle right there without us listening to you." The jury, however, did not write a note, but orally repeated its request. The trial court proceeded to answer the jury's question in open court. Neither party objected to the trial court's actions.

Our review of the record reveals that the defendant neither raised his claim in the trial court nor requests *Golding* review. *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). We decline, therefore, to review the defendant's claim.

The judgment is affirmed.

In this opinion SPEAR, J., concurred.