## STATE OF CONNECTICUT *v.* RONALD VASQUEZ
## (AC 16118)

Lavery, Landau and Spallone, Js.

Argued January 16—officially released March 17, 1998

*J. Brendan Sharkey*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Cara Eschuk*, assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Ronald Vasquez, appeals from the judgment of conviction, following a jury trial, of sale of narcotics in violation of General Statutes § 21a-277 and possession of narcotics in violation of General Statutes § 21a-279 (a) as a lesser included offense of possession of narcotics within 1500 feet of a school. General Statutes § 21-279 (d).[1]

---

[1] General Statutes § 21a-279 provides in relevant part: "(a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years or be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned. . . .

The jury reasonably could have found the following facts. In March and April, 1995, the Waterbury police department conducted a surveillance operation in a section of the south end of the city where there was known to be a high incidence of drug activity. A target of this operation was a bar, the Dixie Cafe, located less than 1500 feet from a school for children in prekindergarten through fifth grade.

The Waterbury police utilized Ezekial Laureano, a Hartford police officer, to purchase narcotics as an undercover agent. On April 5, 1995, Laureano proceeded to the Dixie Cafe to purchase drugs. As he neared the entrance of the bar, Laureano was approached by the defendant who asked him if he was looking for "manteca," a street name for heroin. Laureano stated that he needed a $20 bag, whereupon the defendant entered the bar and told Laureano to stay outside. The defendant returned a few minutes later and handed Laureano a small glassine bag containing a white powdery substance and stamped with the brand name of "Total Control," for which Laureano paid $20. The bag was sent to the state toxicology laboratory where it was found to contain both heroin and cocaine, the predominant narcotic being heroin. Following the April 27, 1995 issuance of a warrant, the defendant was arrested.

The defendant's sole claim on appeal is that the trial court improperly instructed the jury on the crime of possession of narcotics in violation of § 21a-279 (a), as a lesser included offense of possession of narcotics

"(d) Any person who violates subsection (a), (b) or (c) of this section in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school and who is not enrolled as a student in such school or a licensed child day care center, as defined in section 19a-77, that is identified as a child day care center by a sign posted in a conspicuous place shall be imprisoned for a term of two years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of subsection (a), (b) or (c) of this section. . . ."

within 1500 feet of a school in violation of § 21a-279 (d). We disagree and find the defendant's claim to be without merit.

At the close of the evidence, the defendant moved for a judgment of acquittal on the second count of the information, arguing that the state failed to prove a necessary element of the offense, i.e., that he was not a student at the school located within 1500 feet of the transaction. The court granted the motion, stating that "while at first impression it might appear that [the defendant], who is an adult of some thirty-plus years, could not be an elementary school student, under our education law it is possible for him to be an adult student in the school. See General Statutes § 10-69. Thus, the jury could resolve this issue of student enrollment only by resort to speculation. Since we find the body of evidence legally insufficient for jury consideration, we granted the motion as to the principal offense . . . as set forth in count two."

The state then requested the trial court to instruct the jury on the crime of possession of narcotics in violation of § 21a-279 (a) as a lesser included offense of the charge that had been removed from the jury's consideration. Specifically, the state argued that with the exception of the requirement in § 21a-279 (d) that the possession occur within 1500 feet of a school, the elements of the two crimes were the same. We agree with the state.

"It is a well-settled principle of constitutional law that where one or more offenses are lesser than and included within the one charged, notice of the one charged constitutes notice of any lesser included offenses." *State* v. *Rodriguez*, 180 Conn. 382, 402, 429 A.2d 919 (1980). Moreover, when a court grants a defendant's motion for acquittal and orders the entry of a judgment of acquittal as to any principal offense

charged and as to any lesser included offense for which the evidence would not reasonably permit a finding of guilty, "[s]uch judgment of acquittal shall not apply to any lesser included offense for which the evidence would reasonably permit a finding of guilty." Practice Book § 883.

"The test for determining whether one crime is a lesser included offense of another crime is whether it is possible to commit the greater offense in the manner described in the information or bill of particulars without having first committed the lesser." *State* v. *Hodge*, 201 Conn. 379, 385, 517 A.2d 621 (1986). This test is satisfied if the lesser offense does not require proof of any element that is not needed to commit the greater. *State* v. *Greco*, 216 Conn. 282, 292, 579 A.2d 84 (1990); *State* v. *Castro*, 196 Conn. 421, 428, 493 A.2d 223 (1985).

In this case, in order to convict the defendant of possession of narcotics within 1500 feet of a school where the defendant is not a student, the elements of possession of narcotics initially must be proven. The element of possession within 1500 feet of a school by a nonstudent is the added element required to constitute a violation of § 21a-279 (d). Simply put, the crime of possession of narcotics within 1500 feet of a school by a nonstudent cannot be committed unless the defendant possesses narcotics in violation of § 21a-279 (a).[2]

---

[2] We agree that where an ordinary lesser included offense is concerned, "[f]or double jeopardy purposes, a lesser included offense and the greater offense are considered to be one offense. *Brown* v. *Ohio*, [432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)]; *State* v. *Goldson*, 178 Conn. 422, 425, 423 A.2d 114 (1979)." (Internal quotation marks omitted.) *State* v. *Foster*, 45 Conn. App. 369, 385–86, 696 A.2d 1003, cert. denied, 243 Conn. 904, 701 A.2d 335 (1997).

The statutory language here, however, makes clear that subsections (a) and (d) of § 21a-279 are separate offenses. The statute specifically provides that the sentence for a violation of subsection (d) "shall be in addition and consecutive to any term of imprisonment imposed for violation of subsection (a), (b) or (c) of this section." Thus, there would not be a double jeopardy violation if a defendant was tried on both the lesser included offense and

In sum, the trial court, after granting the defendant's motion for acquittal as to the crime of possession of narcotics within 1500 feet of a school, properly instructed the jury on the lesser included offense of possession of narcotics.

The judgment is affirmed.

In this opinion the other judges concurred.

the greater offense, as they are separate offenses in the context of this statute. See *State* v. *Patrick*, 42 Conn. App. 640, 645–47, 681 A.2d 380 (1996).