STATE OF CONNECTICUT *v.* ALEXANDER BARBER
(AC 18763)

Lavery, C. J., and Foti, Landau, Schaller, Spear, Mihalakos, Pellegrino, Dranginis and Hennessy, Js.

Argued September 13, 2000, and January 24, 2001—officially released August 7, 2001

*Damon A. R. Kirschbaum*, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Laura M. Rose*, assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Alexander Barber, appeals from the judgment of conviction, rendered after a jury trial, of possession of marijuana in violation of General Statutes § 21a-279 (c),[1] possession of marijuana within 1500 feet of a school in violation of General Statutes § 21a-279 (d)[2] and possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b).[3] The defendant claims that the court improperly (1) failed to rule that the evidence presented at trial

[1] General Statutes § 21a-279 (c) provides: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

[2] General Statutes § 21-279 (d) provides in relevant part: "Any person who violates subsection (a), (b) or (c) of this section in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school and who is not enrolled as a student in such school . . . shall be imprisoned for a term of two years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of subsection (a), (b) or (c) of this section."

[3] General Statutes § 21a-277 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

was insufficient to support the guilty verdict returned by the jury, (2) admitted into evidence the testimony of two state's witnesses to prove that the defendant possessed marijuana within 1500 feet of a school and (3) sentenced the defendant in a manner that violated the constitutional prohibition against double jeopardy. He also claims that the prosecutor engaged in a pervasive pattern of misconduct that deprived the defendant of a fair trial. We affirm the judgment except as to the defendant's double jeopardy claim.[4]

The jury reasonably could have found the following facts. In August, 1997, Hartford police officers obtained search warrants for a three-family residence at 273 Main Street in Hartford. The warrants alleged that the defendant's brother, Leroy Barber, and others were selling marijuana at that address. On August 22, 1997, at about 7:30 p.m., the police, acting in two teams, simultaneously executed the warrants, one for the second floor and one for the third floor of the premises. Yvonne Powell, with whom the defendant had a long relationship, owned the premises and lived on the second floor with the couple's disabled son. The defendant had a key and full access to the apartment on the second floor. Leroy Barber lived on the third floor. The building was within 1500 feet of two public schools.

The team executing the warrant for the second floor was led by Detective Giuseppi Uccello. When he reached the door of the second floor apartment, Uccello executed a "knock and announce" forced entry. When they received no response, the police battered open the door to the apartment. After the unoccupied living and

---

[4] This appeal was first argued on September 13, 2000, before Landau, Spear and Hennessy, Js. Subsequently, the court, sua sponte, elected to hear en banc arguments concerning the defendant's claim of double jeopardy. The en banc hearing was held on January 24, 2001, after the parties had submitted supplemental briefs on the following issue: "Is General Statutes § 21a-279 (d) a separate crime or a sentence enhancement provision?"

dining rooms were secured, Uccello walked toward the master bedroom and encountered a pit bull, which held him at bay.[5] Despite that impasse, Uccello had an unobstructed view into the master bedroom where he saw the defendant sitting on a bed within an arm's length of a small metal table on which nineteen quarter-ounce bags of marijuana and a supply of small plastic bags lay. At the time, Powell and the couple's son were in the second bedroom. The police found no drug paraphernalia in the apartment.

At the conclusion of evidence, the jury found the defendant guilty of possession of marijuana, possession of marijuana with intent to sell and possession of marijuana within 1500 feet of a school. The court denied the defendant's motion for a judgment of acquittal and sentenced him to a total effective sentence of three years imprisonment. The defendant appealed.

I

The defendant first claims that the evidence was insufficient to support the conviction of possession of marijuana and possession of marijuana with intent to sell, and that the court therefore improperly denied his motion for a judgment of acquittal. We disagree.

The following additional facts are relevant to our review of the defendant's claim. At trial, Uccello testified that he never saw the defendant actually handle the marijuana, which seemed to contradict the statement in his arrest report that the defendant was "filling sandwich bags with marijuana." Uccello explained that his testimony did not contradict his report because his statement that the defendant "was filling sandwich bags with a green plant-like substance" was the logical inference he had drawn on the basis of his observations and the discovery of the physical evidence, i.e., he saw the

---

[5] In response to the officer's commands, the defendant restrained the dog.

defendant sitting before a metal table where the packaged marijuana and a supply of plastic sandwich bags lay. Uccello, who testified as an expert on narcotics, also stated that the absence of drug paraphernalia indicated that the marijuana was intended for sale and not for personal use.

The defendant argues that Uccello's testimony was improbable and unbelievable and, therefore, no credible evidence was presented to permit the jury to infer that the defendant was in possession of the marijuana or that he harbored an intent to sell it.

The standards by which we review claims of insufficient evidence are well settled. "When reviewing a sufficiency of the evidence claim, our courts apply a two-prong test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Perry*, 48 Conn. App. 193, 196, 709 A.2d 564, cert. denied, 244 Conn. 931, 711 A.2d 729 (1998).

"It is within the province of the jury to draw reasonable and logical inferences from the facts proven. . . . The jury may draw reasonable inferences based on other inferences drawn from the evidence presented. . . . Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable. . . . We note that the probative force of the evidence is not diminished because it consists, in whole or in part, of circumstantial evidence rather than direct evidence. . . . It has been repeatedly stated that there is no legal distinction between direct and circumstantial evidence so far as probative force is concerned. . . . It is not

one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . [T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether *it* believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . In doing so, we keep in mind that [w]e have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." (Emphasis in original; internal quotation marks omitted.) *State* v. *Madagoski*, 59 Conn. App. 394, 399, 757 A.2d 47 (2000), cert. denied, 255 Conn. 924, 767 A.2d 100 (2001).

A

We turn first to the defendant's claim that there was insufficient evidence to support his conviction for possession of marijuana pursuant to § 21a-279 (c).

"[T]o prove illegal possession of [marijuana], it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it." *State* v. *Alfonso*, 195 Conn. 624, 633, 490 A.2d 75 (1985). "Where, as here, the [marijuana] was not found on the defendant's person, the state must proceed on the theory of constructive possession, that is, possession without direct physical contact." *State* v. *Elijah*, 42 Conn. App. 687, 698, 682 A.2d 506, cert. denied, 239 Conn. 936, 684 A.2d 709 (1996); *State* v. *Brunori*, 22 Conn. App. 431, 436, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990); see also *State* v. *Santiago*, 17 Conn. App. 273, 278, 552 A.2d 438 (1989); *State* v. *Melillo*, 17 Conn. App.

114, 117–18, 550 A.2d 319 (1988). One factor that may be considered in determining whether a defendant had constructive possession of marijuana is whether he is in possession of the premises where it is found. See *State* v. *Alfonso*, supra, 633. "Where the defendant is not in exclusive possession of the premises where the [marijuana is] found, it may not be inferred that [the defendant] knew of the presence of the [marijuana] and had control of [it], unless there are other incriminating statements or circumstances tending to buttress such an inference." (Internal quotation marks omitted.) Id.; see also *State* v. *Berger*, 249 Conn. 218, 225, 733 A.2d 156 (1999).

In the present case, there was ample circumstantial evidence to support a finding that the defendant had constructive possession of the marijuana, i.e., that he knew of the presence and nature of the contraband and had control over it. When Uccello first saw the defendant, the defendant was alone in the master bedroom sitting on the bed only an arm's distance from a table on which lay a supply of plastic sandwich bags and nineteen bags filled with equal amounts of a plant-like substance. His protective dog was in the room with him. Tests later identified the substance as marijuana. The other residents of the apartment were in another room at the time.

It was eminently reasonable for the jury to infer that the defendant knew that the marijuana was in the apartment and that he controlled it. The evidence and the reasonably drawn inferences were sufficient to establish the necessary possessory connection between the defendant and the marijuana. See id., 223–26. Although the parties presented two different scenarios, the jury chose to accept the state's version and to reject the defendant's. In such cases, we defer to the jury's assessment of credibility.

B

With regard to the defendant's second claim of evidentiary insufficiency, the evidence also was sufficient to establish beyond a reasonable doubt that the defendant harbored the intent to sell the marijuana pursuant to § 21a-277 (b).

"Proof of intent is usually established through circumstantial evidence, from which the jury may draw reasonable and logical inferences. . . . The quantity of narcotics found in the defendant's possession [is] probative of whether the defendant intended to sell the drugs." (Citations omitted; internal quotation marks omitted.) *State* v. *Frazier*, 39 Conn. App. 369, 379–80, 665 A.2d 142 (1995). "Also indicative of the defendant's intent to sell narcotics is the manner in which the narcotics are packaged. . . . Evidence demonstrating that the defendant was present in a known drug trafficking area further suggests an intent to sell." (Internal quotation marks omitted.) *State* v. *Lee*, 53 Conn. App. 690, 695, 734 A.2d 136 (1999), quoting *State* v. *Glenn*, 30 Conn. App. 783, 793, 622 A.2d 1024 (1993). In addition, the absence of drug paraphernalia indicates that the substance is not intended for personal use, but rather for sale to others. See *State* v. *Conley*, 31 Conn. App. 548, 560, 627 A.2d 436, cert. denied, 227 Conn. 907, 632 A.2d 696 (1993).

Here, the defendant was seized at an address notorious for marijuana trafficking and, at the time, constructively possessed nineteen bags of marijuana. Surplus packaging materials were found beside the contraband. The jury heard the state's expert witness testify that possession of that quantity of marijuana and the manner of its packaging, coupled with the absence of drug paraphernalia, was consistent with an intent to sell and inconsistent with possession for personal use. The cumulative effect of the circumstantial evidence, cou-

pled with the reasonable inferences derived therefrom, supported the jury's conclusion that the defendant possessed the marijuana with the requisite intent to sell.

II

In his second claim, the defendant asserts that the court deprived him "of his state and federal constitutional right to due process and a fair trial . . . by admitting testimony from two witnesses where the potential for unfair prejudice substantially outweighed the probative value, the decision to admit the testimony was based upon errors of law, the testimony was irrelevant to the central issue of the case and the second witness' testimony was unnecessarily cumulative." Those purely nonconstitutional claims[6] are without merit.

More specifically, the court overruled the defendant's objections to the testimony of Richard Reyes, the vice principal of the Fred D. Wish School, and James Thompson, Jr., the principal of the Simpson-Waverly School. Each of the witnesses testified that the school with which he was associated was a public elementary school and that the defendant was not a student at the school. The defendant claims that the testimony was irrelevant, inflammatory and cumulative, and that the court abused its discretion in failing to let him stipulate to the facts relevant to the schools.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of

---

[6] Although they are cloaked in constitutional garb, the defendant's claims are evidentiary claims to which the abuse of discretion standard of review applies. See State v. Hansen, 39 Conn. App. 384, 390, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995).

upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Citations omitted; internal quotation marks omitted.) *State* v. *Berger*, supra, 249 Conn. 229–30.

The essential elements of the statutory provisions of § 21a-279 (d) are that (1) the defendant possessed, (2) marijuana, (3) within 1500 feet,[7] (4) of a public or private elementary or secondary school, (5) while not enrolled as a student at the school. We disagree with the defendant's argument that the state does not have to prove that he was not enrolled as a student at the school. See *State* v. *Vasquez*, 48 Conn. App. 130, 133–34, 708 A.2d 976, cert. denied, 245 Conn. 905, 718 A.2d 14 (1998). The witnesses' testimony was relevant and probative of factual matters at issue, i.e., whether either of the schools were public elementary schools, and whether the defendant was enrolled as a student at either school. Although the testimony was naturally damaging to the defendant's position at trial, "that result, without more, does not constitute unfair prejudice." *State* v. *Rosado*, 52 Conn. App. 408, 428, 726 A.2d 1177 (1999).

Further, the mere fact, standing in isolation, that the court rejected defense counsel's belated offer to stipulate that the facilities were, in fact, schools does not constitute undue prejudice or an abuse of discretion. The transcript reveals that the court earlier had offered the defense counsel a timely opportunity to stipulate to that and other issues. The defense counsel chose to reject the offer. The court thus properly exercised its discretion in declining the defense counsel's untimely offer to stipulate. Our Supreme Court has long held

---

[7] A land surveyor for the city of Hartford testified that 273 Main Street is within 1500 feet of the two schools.

that "[t]he defendant may not pursue one course of action at trial for tactical reasons and later on appeal argue that the path he rejected should now be open to him." *State* v. *Cruz*, 56 Conn. App. 763, 772, 746 A.2d 196, cert. granted on other grounds, 253 Conn. 901, 753 A.2d 938 (2000), citing *State* v. *Drakeford*, 202 Conn. 75, 81, 519 A.2d 1194 (1987).

According every reasonable presumption in favor of the correctness of the court's evidentiary rulings, we are compelled to conclude that the court properly exercised its discretion in admitting into evidence the testimony of Reyes and Thompson.

### III

In his third, unpreserved claim, the defendant asserts that the prosecutor committed acts of misconduct during closing argument to the jury that deprived the defendant of his state[8] and federal constitutional rights to due process and a fair trial. Specifically, the defendant maintains that the prosecutor (1) argued facts not in evidence and (2) urged the jury to draw "illogical" and "unreasonable" inferences from the evidence. The defense counsel did not take exception or otherwise object to either the prosecutor's final argument or to the court's instructions to the jury. The defendant invites us to review his claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[9] We decline the invita-

---

[8] The defendant fails to provide an independent analysis under the state constitution. Thus, we confine our analysis to a discussion of the defendant's rights under the federal constitution. See *State* v. *Cepeda*, 51 Conn. App. 409, 413 n.8, 723 A.2d 331, cert. denied, 248 Conn. 912, 732 A.2d 180 (1999).

[9] "[W]e hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

tion to provide such review because the defendant fails to meet the predicate reviewability requirements of *Golding*.

To merit review, it is unquestioned that the defendant bears the burden of "demonstrating that his claim is indeed a violation of a fundamental constitutional right . . . rather than a common law or statutory claim wearing a constitutional mask." (Citation omitted; internal quotation marks omitted.) *State* v. *Watlington*, 216 Conn. 188, 193, 579 A.2d 490 (1990). A close and careful reading of the transcript of the state's closing argument reveals that "[c]orrectly identified . . . [the defendant's] unpreserved evidentiary claims of prosecutorial misconduct merely masquerade as constitutional claims, and therefore must be summarily dismissed." *State* v. *Somerville*, 214 Conn. 378, 393, 572 A.2d 944 (1990).

## IV

In his fourth and final claim, which also is unpreserved, the defendant asserts that the court violated the state and federal constitutional prohibitions against double jeopardy by sentencing him for possession of marijuana, possession of marijuana with intent to sell and possession of marijuana within 1500 feet of a school. We agree that the court improperly sentenced the defendant because he may not be sentenced legally on both his conviction for possession of marijuana and possession with intent to sell.

## A

The defendant claims, and the state concurs, that a claim of double jeopardy is reviewable under *State* v. *Golding*, supra, 213 Conn. 233. We agree as well. "[I]f double jeopardy claims arising in the context of a single trial are raised for the first time on appeal, these claims are reviewable . . . ." *State* v. *Chicano*, 216 Conn. 699,

705, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

The prohibition against double jeopardy in the fifth amendment to the United States constitution applies to the states through the due process clause of the fourteenth amendment. Id., 705–706. "Although the Connecticut constitution has no specific double jeopardy provision, [our Supreme Court has] held that the due process guarantees of article first, § 9, include protection against double jeopardy." Id., 706. Multiple punishments for the same offense in a single trial, therefore, are constitutionally prohibited. Id.

The jury convicted the defendant of possession of marijuana in violation of § 21-279 (c), possession of marijuana within 1500 feet of a school in violation of § 21a-279 (d) and possession of marijuana with intent to sell in violation of § 21a-277 (b). The court sentenced the defendant to prison for one year for possession, two years for possession within 1500 feet of a school consecutive to the possession sentence and three years for possession with intent to sell concurrent with the other two sentences. The defendant's total effective sentence was three years incarceration.

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri* v. *Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Boucino,* 199 Conn. 207, 222, 506 A.2d 125 (1986). "The traditional test for

determining whether two offenses are the same offense for double jeopardy purposes was set forth in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' Id., 304." *State* v. *Chicano*, supra, 216 Conn. 706–707.

The defendant contends, and again the state concedes, that in this case, possession of marijuana is a lesser offense included within the greater offense of possession of marijuana with intent to sell. We agree. The defendant was charged with possession of marijuana and possession of marijuana with intent to sell as a result of a single incident or transaction. The only distinction between those two offenses is the mens rea element, i.e., the intent to sell. The two offenses, therefore, were the same offense for the purposes of double jeopardy. Although the defendant properly may be convicted of both offenses, he may not be punished or sentenced for both. See id., 723.

## B

Ordinarily,[10] the lesser included offense of possession merges with the greater offense of possession with intent to sell; see *State* v. *Hammond*, 60 Conn. App. 321, 332, 759 A.2d 133, cert. granted on other grounds, 255 Conn. 907, 762 A.2d 911 (2000); and the sentence on the lesser offense is vacated. *State* v. *Chicano*, supra,

---

[10] For a discussion of which sentence should be vacated when a defendant has received multiple punishments for the same offense in a single trial in violation of the double jeopardy clause see *State* v. *Chicano*, supra, 216 Conn. 711–14. "[T]he decision of which conviction to negate is a question controlled by the intention of the sentencing court." Id., 714; see also *Ball* v. *United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985); *Green* v. *United States*, 365 U.S. 301, 302, 81 S. Ct. 653, 5 L. Ed. 2d 670 (1961).

216 Conn. 725. If the defendant had been convicted of possession and possession with intent to sell marijuana only, we would simply remand the case to the trial court with direction to merge the convictions and vacate the sentence on the possession count in accordance with *Chicano*.

The facts here, however, do not present an ordinary situation because the defendant also was charged with and convicted of possession of marijuana within 1500 feet of a school.[11] The defendant concedes that he can be convicted of all three counts, but argues that he may not be sentenced for possession of marijuana within 1500 feet of a school because his conviction for possession of marijuana must be merged with his conviction for possession of marijuana with intent to sell, and his sentence for possession of marijuana must be vacated. The defendant's argument is that no sentence for possession of marijuana within 1500 feet of a school pursuant to § 21a-279 (d) may be imposed where the sentence for possession of marijuana under § 21a-279 (c) is vacated because the statute imposing a sentence for the possession of marijuana within 1500 feet of a school is merely a sentence enhancement provision. We disagree because § 21a-279 (d) defines a separate crime; see *State* v. *Denby*, 235 Conn. 477, 481, 668 A.2d 682 (1995); that carries a nondiscretionary prison sentence.

To reach that conclusion, we employ the long established rules of statutory construction. "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative

---

[11] The issue raised in this appeal would not have occurred if the defendant had been charged with possession with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b) rather than possession within 1500 feet of a school in violation of § 21a-279 (d).

history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *General Motors Corp.* v. *Dohmann*, 247 Conn. 274, 286, 722 A.2d 1205 (1998); *Ferrigno* v. *Cromwell Development Associates*, 244 Conn. 189, 195, 708 A.2d 1371 (1998). "It is axiomatic, however, that when the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." *Boris* v. *Garbo Lobster Co.*, 58 Conn. App. 29, 36, 750 A.2d 1152, cert. denied, 254 Conn. 910, 759 A.2d 504 (2000). As a threshold matter, therefore, we consider whether § 21a-279 (d) is plain and unambiguous on its face.

Upon review, we find the plain meaning of § 21a-279 (d) to be clear. Under the factual situation presented here, the statute provides that any person who violates subsection (a), (b) or (c) of § 21a-279 within 1500 feet of a school and who is not a student in the school shall be imprisoned for a term of two years, which shall not be suspended, and shall be in addition and consecutive to any term of imprisonment imposed for a violation of subsection (a), (b) or (c). The plain language of § 21a-279 (d) requires as an element of the offense that the marijuana be possessed within 1500 feet of a school. Because the state is required to prove that the accused possessed the marijuana within 1500 feet of a school, the statute defines a separate crime and is not merely a sentence enhancement. See *State* v. *Denby*, supra, 235 Conn. 481–82.

Our conclusion that § 21a-279 (d) is a separate crime finds support in our Supreme Court's decision in *State* v. *Denby*, supra, 235 Conn. 477. In *Denby*, our Supreme Court determined that § 21a-278a (b) is a separate crime, specifically disagreeing with this court's conclu-

sion in *State* v. *Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994), aff'd on other grounds, 235 Conn. 477, 668 A.2d 682 (1995), that the statute is a sentence enhancement. "It is a well-settled principle of [statutory] construction that . . . [w]e are obligated, furthermore, to read statutes together when they relate to the same subject matter. . . . This is because of the presumption that the legislature intended to create a harmonious body of law." (Citations omitted; internal quotation marks omitted.) *State* v. *State Employees' Review Board*, 239 Conn. 638, 653–54, 687 A.2d 134 (1997). Sections 21a-278a (b) and 21a-279 (d) fall within title 21a, chapter 420b of our General Statutes, which control dependency producing drugs. Section 21a-278a (b) prohibits the sale of drugs within 1500 feet of a school, and § 21a-279 (d) prohibits the possession of drugs within 1500 feet of a school. The statutes respectively make it a crime to sell or possess drugs within 1500 feet of a school.[12]

### C

Our analysis does not end here, as we must also determine the remedy on remand. The factual situation requires a sentencing scheme that will carry out the legislative intent to impose a mandatory sentence on anyone who possesses marijuana within 1500 feet of a school and that is consistent with the intent of the trial court.

The intent of the legislature, as manifested in the words of the statute, is clear and unambiguous: A person who violates subsection (a), (b) or (c) of § 21a-279 within 1500 feet of a school "*shall be imprisoned for*

---

[12] Although the language of the statute is clear that § 21a-279 (d) is a separate crime such that we need not resort to its legislative history, our construction of the statute is consistent with the purpose of the legislation that created subsection (d). During the Senate hearings on Public Acts 1989, No. 89-256, Senator Richard Blumenthal stated: "We are through this bill essentially broadening the types of penalties that are applicable to drug related crimes." 32 S. Proc., Pt. 10, 1989 Sess., p. 3605.

*a term of two years,* which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of subsection (a), (b) or (c)." (Emphasis added.) General Statutes § 21a-279 (d). "[E]lementary rules of statutory construction required the presumption that the legislature did not intend to enact superfluous legislation." (Internal quotation marks omitted.) *State* v. *State Employees' Review Board,* supra, 239 Conn. 654. "[W]hen construing a statute, we do not interpret some clauses in a manner that nullifies others, but rather read the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction,* 222 Conn. 254, 258, 608 A.2d 1174 (1992).

The defendant was convicted of violating § 21a-279 (d), which we have concluded is a separate crime, not a sentence enhancement provision. Because § 21a-279 (d) is a separate crime that carries a mandatory prison sentence of two years, on remand the defendant must be sentenced to two years imprisonment for his violation of that subsection.

Due to the double jeopardy violation, the proper disposition of this case is to merge the conviction for possession, § 21a-279 (c), and possession with intent to sell § 21a-277 (b). See *State* v. *Chicano,* supra, 216 Conn. 724–25. Which sentence[13] is vacated depends on the intent of the sentencing court. Id., 713, citing *Green* v. *United States,* 365 U.S. 301, 306, 81 S. Ct. 653, 5 L.

---

[13] In *State* v. *Chicano,* supra, 216 Conn. 699, our Supreme Court considered whether both the conviction and the sentence should be vacated or only the sentence should be vacated. After weighing the concerns relating to subsequent reversal of the judgment as to the remaining conviction and subjecting a defendant to the collateral consequences of multiple convictions, the court held that the proper procedure is to combine the convictions, but to vacate one sentence so that if one of the convictions was later invalidated, the sentence on the other could be reinstated. Id., 725.

Ed. 2d 670 (1961). The typical solution is for the appellate court to order the sentence on the lesser charge vacated to effectuate the longer of the two sentences. *State* v. *Chicano*, supra, 712, and cases cited therein.

"In cases where the intention of the sentencing court as to which sentence should control is not as clear . . . our remand [sh]ould order the sentencing court to decide which conviction to negate." Id., 714–15 n.16. In this case, it is clear which charge the court intended to be controlling. The court imposed the longest sentence, three years, for the defendant's conviction for possession with intent to sell. The court intended the greater crime to carry the greater sentence. Furthermore, had the defendant been more properly charged with a violation of § 21a-278a (b), possession with intent to sell within 1500 feet of a school, he would have been subject to a mandatory three year sentence. General Statutes § 21a-278a (b). Although we do not suggest that the defendant should be sentenced to three years to compensate for the state's apparent oversight, we simply note that a three year sentence for possession with intent to sell gives meaning to the sentencing scheme in this case.

On remand, therefore, the court is ordered to vacate the defendant's sentence for possession of marijuana, and to sentence him to two years incarceration for possession of marijuana within 1500 feet of a school and to three years incarceration for possession of marijuana with intent to sell to be served concurrently. The defendant will receive a total effective sentence of three years.

The judgment is reversed in part and the case is remanded with direction to vacate the sentence for possession of marijuana in violation of § 21a-279 (c) and to combine the conviction of possession of marijuana with the conviction of possession of marijuana

with intent to sell. The judgment is affirmed in all other respects.

In this opinion SPEAR and HENNESSY, Js., concurred; FOTI, SCHALLER, PELLEGRINO and DRANGINIS, Js., concurred in part IV, the only part in which they participated.

LAVERY, C. J., with whom MIHALAKOS, J., joins, dissenting in part. Although I agree with the majority's disposition of the defendant's first three claims on appeal and with the majority's conclusion that the defendant was improperly sentenced, I respectfully dissent from the majority's conclusions that (1) General Statutes § 21a-279 (d) is a separate crime rather than a sentence enhancement provision and (2) a sentence may be imposed under that subsection notwithstanding that the conviction for violating § 21a-279 (c), the predicate violation whose sentence is enhanced by operation of § 21a-279 (d), was merged with the defendant's conviction for violating General Statutes § 21a-277 (b).

I

The majority concludes that § 21a-279 (d) is a separate crime rather than a sentence enhancement provision. I respectfully disagree with that conclusion.

The majority notes its agreement with the defendant's contention, to which the state also gave its assent, that possession of marijuana in violation of § 21a-279 (c) is a lesser offense included within the greater offense of possession of marijuana with intent to sell in violation of § 21a-277 (b). I agree with that conclusion. Because the only difference in the elements that the state must prove to obtain a conviction under those two statutes is the intent to sell, it is not the case that "each provision requires proof of a fact which the other does not," as is required for a conviction of both offenses to survive double jeopardy scrutiny. (Internal quotation marks

omitted.) *State* v. *Chicano*, 216 Conn. 699, 707, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

The majority also notes, and I agree, that the normal practice of the courts in such cases is to merge the offense of possession, as a lesser included offense, with the offense of possession with intent to sell such that the defendant, though convicted of both crimes, is sentenced only for the greater crime of possession with intent to sell. Alternatively, if the defendant is in fact sentenced on both crimes, this court or our Supreme Court has in the past vacated the sentence on the lesser offense. See id., 725.

Where I part company with the majority, however, is with its conclusion that § 21a-279 (d) is a separate crime as opposed to a sentence enhancement provision. That distinction is important in this case because, if that subsection is a sentence enhancement, the court cannot impose it on the defendant in this case, where the conviction under subsection (c), the only conviction that subsection (d) can operate to enhance, has merged, as the majority agrees, with the conviction under § 21a-277 (b).

A

The majority asserts that its conclusion that subsection (d) of § 21a-279 sets forth a separate crime is supported by "[t]he plain language" of the statute. I agree that the language of the statute is a natural place to begin the task of statutory construction. "The language . . . of a statute can provide evidence of [legislative] intent." *State* v. *Greco*, 216 Conn. 282, 293, 579 A.2d 84 (1990).

The language of the statute provides, however, that the sentence contained in subsection (d) "shall be in addition and consecutive to any term of imprisonment

imposed for violation of subsection (a), (b) or (c) of this section." As a result of the merger of the defendant's conviction under § 21a-279 (c) with his conviction under § 21a-277 (b), however, the majority has ordered the trial court "to vacate the sentence for possession of marijuana in violation of § 21a-279 (c)."

Once the trial court implements that order, therefore, there no longer will be "any term of imprisonment imposed for violation of subsection . . . (c) of this section" to which a sentence under subsection (d) could be given "in addition and [that would be] consecutive." General Statutes § 21a-279 (d). The term "in addition to" is defined as "[o]ver and above; besides." American Heritage Dictionary, New College Edition. Both of those definitions, by their terms, envision that there is something else. Thus, any term of imprisonment given to *this* defendant under subsection (d) would not be "in addition to" a term of imprisonment under subsection (c) because, by the majority's order, the defendant will receive no term of imprisonment under subsection (c). Furthermore, the term "consecutive" is defined as "[f]ollowing successively without interruption." Id. Once again, that definition, by its use of the word "following," requires a fortiori that there be something *leading* the thing that is following consecutively without interruption. Thus, any term of imprisonment given to *this* defendant would not be "consecutive" to a term of imprisonment under subsection (c) because, by the majority's order, the defendant will receive no term of imprisonment under subsection (c).

The *only* term of imprisonment to which a sentence under § 21a-279 (d) could run "in addition and consecutive" is the defendant's sentence under § 21a-277 (b). The language of subsection (d) forecloses, however, the possibility of having any sentence under subsection (d) run consecutively to the defendant's sentence under § 21a-277 (b) by stating that the sentence shall be "in

addition and consecutive to any term of imprisonment imposed for violation of subsection (a), (b) or (c) *of this section.*" (Emphasis added.) General Statutes § 21a-279 (d). By the terms of § 21a-279 (d), therefore, the additional two years incarceration that subsection provides for cannot be appended onto sentences for any crimes other than those specified in subsections (a), (b) or (c) of § 21a-279.

This court also has previously held that when a conviction for possession within 1500 feet of a school is merged into another conviction, although the merged conviction stands, the additional sentence on the merged conviction is not imposed. See *State* v. *Rivera,* 56 Conn. App. 182, 190, 742 A.2d 387 (improper for court to impose sentences on merged offenses), cert. denied, 252 Conn. 927, 746 A.2d 791 (1999).

I would conclude, therefore, that far from supporting the majority's decision, the language of § 21a-279 (d) precludes the majority from permitting the imposition of a sentence under subsection (d). The merger of the conviction for violating §§ 21a-279 (c) and 21a-277 (b) leaves no sentence to which a sentence under § 21a-279 (d) could run in addition to and to which it could run consecutively, as the language of that subsection requires.

B

The majority also asserts that its conclusion that § 21a-279 (d) sets forth a separate crime is consistent with the legislative history of that subsection. See footnote 12 of the majority opinion. Legislative history is an excellent tool to employ when engaging in statutory construction. "The . . . legislative history of a statute can provide evidence of [legislative] intent." *State* v. *Greco,* supra, 216 Conn. 293. The legislative history of § 21a-279 (d), however, does not clearly indicate, contrary to the majority's conclusion, that the legislature

was attempting to create a separate crime when it drafted subsection (d).

As the majority correctly notes, subsection (d) was added to § 21a-279 in Public Acts 1989, No. 89-256, § 2 (P.A. 89-256). The primary proponent of the bill in the House of Representatives was Representative Douglas C. Mintz. He explained the purpose of subsection (d) as follows: "It . . . imposes a mandatory two year *add-on* sentence for anyone who possess[es] drugs within [1000] feet of a school yard."[1] (Emphasis added.) 32 H.R. Proc., Pt. 11, 1989 Sess., p. 3848, remarks of Representative Douglas C. Mintz.

Other persons involved with the passage of P.A. 89-256 also used similar language in reference to subsection (d) of § 21a-279. Michael Pacowta, the mayor of Shelton at the time, testified before the judiciary committee that the bill would "establish an *additional penalty* for the illegal possession of drugs . . . near school grounds." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 1989 Sess., p. 1219. The Connecticut Association of Boards of Education, Inc., submitted written testimony to the committee in which it stated that the organization "supports . . . additional penalties for the illegal possession of drugs . . . near school grounds." Id., p. 1390. Finally, in the discussion of the bill in the Senate, Senator John Atkin remarked that it would provide an "extra sentence" for possession near a school. 32 S. Proc., Pt. 10, 1989 Sess., p. 3606. The terms "add-on," "additional penalty" and "extra sentence" are much closer in meaning to "sentence enhancement" than they are to "separate crime."

C

In addition to the statutory language and the relevant legislative history, there is a further reason why I believe

---

[1] Public Acts, Spec. Sess., June, 1992, No. 92-1, § 4, substituted 1500 feet for the original 1000 feet, creating the 1500 foot area applicable to this case.

that § 21a-279 (d) should be interpreted to be a sentence enhancement rather than a separate crime. Both we and the Supreme Court have interpreted a statute using nearly identical language to be a sentence enhancement rather than a separate crime, specifically General Statutes § 53-202k, which concerns firearms in the commission of a felony.

General Statutes § 53-202k provides in relevant part: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm . . . shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony." That language is strikingly similar to that contained in § 21a-279 (d). Both provide that any person who commits a specified violation of law (subsection (a), (b) or (c) in the latter case, and any class A, B or C felony in the former) in a specified manner (within 1500 feet of a school in the latter case, and with a firearm in the former) shall be imprisoned for a term "which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for" the original violation. Both statutes use the exact quoted language except that § 53-202k includes the words "or reduced" after the word "suspended."

The near identity of language used in the two statutes compels the conclusion that the legislature had the same purposes in mind when it passed the legislation that created those statutes. "When a statute does not define a phrase, we look elsewhere for the peculiar and appropriate meaning of the phrase. We may look to the meaning given the phrase in unrelated statutes and consider that where the legislature uses the same phrase it intends the same meaning. See *Link* v. *Shelton*,

186 Conn. 623, 627, 443 A.2d 902 (1982)." *State* v. *Vega*, 44 Conn. App. 499, 503, 691 A.2d 22, cert. denied, 240 Conn. 930, 693 A.2d 302 (1997).

Both this court and our Supreme Court have held on several occasions that § 53-202k is not a separate crime, but is, instead, a sentence enhancement statute. See, e.g., *State* v. *Davis*, 255 Conn. 782, 792, 772 A.2d 559 (2001) ("§ 53-202k is a sentence enhancement provision rather than a separate and distinct offense"); *State* v. *Dash*, 242 Conn. 143, 148, 698 A.2d 297 (1997) ("review of the relevant legislative history persuades us that § 53-202k was intended to serve as a sentence enhancement provision"); *State* v. *Price*, 61 Conn. App. 417, 422, 767 A.2d 107 ("court lengthened the defendant's sentence by five years by applying the sentence enhancement provision . . . [of] § 53-202k"), cert. denied, 255 Conn. 947, 769 A.2d 64 (2001); *State* v. *Brown*, 60 Conn. App. 487, 497, 760 A.2d 111 ("sentence enhancement provision set forth in § 53-202k"), cert. granted on other grounds, 255 Conn. 905, 762 A.2d 910 (2000). Because our courts have concluded beyond question that the legislature intended § 53-202k to be a sentence enhancement, I believe that in light of the legislature's having used virtually identical language in § 21a-279 (d), we may properly infer that the legislature had a virtually identical intent, namely, that § 21a-279 (d) would be a sentence enhancement and not a separate crime.[2]

## II

Having concluded that the legislature intended § 21a-279 (d) to be a sentence enhancement rather than a

[2] I note that had the state charged the defendant instead with possession of narcotics with intent to sell within 1500 feet of a school pursuant to General Statutes § 21a-278a (b), I would have no difficulty agreeing that a conviction under that statute constitutes a separate offense and not a sentence enhancement. This court has held that the legislature intended that statute to set forth a separate offense. See *State* v. *Player*, 58 Conn. App. 592, 596–97, 753 A.2d 947 (2000), noting that this conclusion is supported by our Supreme Court's decision in *State* v. *Denby*, 235 Conn. 477, 481, 668 A.2d 682 (1995).

separate crime, I write also to address an issue that the majority does not reach by its conclusion that § 21a-279 (d) is a separate crime. That issue is the effect of the majority's holding, with which I agree, that the defendant's conviction under § 21a-279 (c) merges with his conviction under § 21a-277 (b). Because the merger doctrine, as explained by the majority, precludes the defendant from being punished for the lesser offense when he also was convicted of the greater offense, I believe that the result of that merger is that there is no sentence that § 21a-279 (d) can enhance.

"In *State* v. *Chicano*, [supra, 216 Conn. 723], our Supreme Court held that when a defendant is convicted of both greater and lesser offenses arising from a single transaction, the trial court is to combine the conviction on the lesser offense with the conviction on the greater offense and to vacate only the *sentence* of the lesser offense. . . . A conviction on a lesser offense will, in effect, *not exist separately* as long as the conviction on the greater offense remains intact." (Emphasis added; internal quotation marks omitted.) *State* v. *Little*, 54 Conn. App. 580, 586, 738 A.2d 195 (1999). Applied to this case, the Supreme Court's holding in *Chicano* dictates that the sentence for the lesser offense, namely, § 21a-279 (c) (possession of narcotics), enhanced as it was by the application of § 21a-279 (d) (enhancing the penalty for violation of subsections (a), (b) and (c) within 1500 feet of a school), should be vacated, and only the sentence for the greater offense, namely, § 21a-277 (b) (possession of narcotics with intent to sell) can remain. As we stated in *Little*, the defendant's conviction for possession of narcotics in violation of § 21a-279 (c) "will, in effect, not exist separately as long as the conviction on the greater offense remains intact." Id.

I therefore believe that our Supreme Court's holding in *Chicano* and our holding in *Little*, taken together, dictate that the defendant in this case can neither be

sentenced separately under § 21a-279 (d) nor have his sentence enhanced by operation of that statute. I would, therefore, go beyond the majority's conclusion and order that the defendant's additional sentence for possession of narcotics within 1500 feet of a school also should be vacated and that the defendant should be resentenced on the sole offense of possession of marijuana with intent to sell.

I respectfully dissent.