## LEO FELIX CHARLES v. COMMISSIONER OF CORRECTION
### (AC 29165)

Flynn, C. J., and DiPentima and Lavine, Js.

Argued December 1, 2008—officially released January 27, 2009

*Michael Oh,* special public defender, for the appellant (petitioner).

*Rocco A. Chiarenza,* special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. After the granting of certification to appeal, the petitioner, Leo Felix Charles, appeals from the judgment of the habeas court dismissing his third amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he was not denied the effective assistance of trial counsel and appellate counsel when both attorneys failed to raise an important jurisdictional issue. We affirm the judgment of the habeas court.

In *State* v. *Charles,* 56 Conn. App. 722, 745 A.2d 842, cert. denied, 252 Conn. 954, 749 A.2d 1203 (2000), we affirmed the petitioner's conviction of conspiracy to sell narcotics within 1500 feet of a school in violation of General Statutes §§ 53a-48 (a) and 21a-278a (b), sale of narcotics within 1500 feet of a school in violation of § 21a-278a (b), possession of narcotics with intent to sell within 1500 feet of a school in violation of § 21a-278a (b) and failure to appear in the first degree in violation of General Statutes § 53a-172. Now before us is the habeas court's dismissal of the petitioner's third amended petition for a writ of habeas corpus.

"A criminal defendant's right to the effective assistance of counsel extends through the first appeal of right and is guaranteed by the sixth and fourteenth amendments to the United States constitution and by

article first, § 8, of the Connecticut constitution." *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "The standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show [1] that counsel's performance was deficient and [2] that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 243–44, 884 A.2d 441, cert. denied, 276 Conn. 931, 889 A.2d 817 (2005). When a petitioner is claiming ineffective assistance of appellate counsel, his burden is to prove that there is a reasonable probability that but for appellate counsel's error, the petitioner would have prevailed in his direct appeal. *Small* v. *Commissioner of Correction*, supra, 721–24.

The crux of the petitioner's argument is that trial and appellate counsel were ineffective because they did not argue that the trial court lacked jurisdiction to convict him of violations of § 21a-278a (b)[1] because the state had not charged him with violations of General Statutes § 21a-277 or § 21a-278. He argues that § 21a-278a (b) is meant to be an enhancement, which requires that a

[1] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section 21a-277 or 21a-278 by . . . selling . . . possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school, a public housing project or a licensed child day care center, as defined in section 19a-77, that is identified as a child day care center by a sign posted in a conspicuous place shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. . . ."

defendant be charged with and convicted of violating § 21a-277 or § 21a-278 before his penalty can be enhanced by a violation of § 21a-278a (b). We disagree.

The habeas court's conclusion that the petitioner properly could be charged, convicted and sentenced under § 21a-278a without a conviction under either § 21a-277 or § 21a-278 involves a question of law. Our review therefore is plenary.

"Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Dash*, 242 Conn. 143, 146–47, 698 A.2d 297 (1997). To distinguish an enhancement provision from a separate substantive offense we look to the intent of the legislature. "In seeking to discern that intent, we look [first] to the words of the statute itself . . . ." (Internal quotation marks omitted.) Id., 147.

Our Supreme Court has had the opportunity to construe the language of § 21a-278a (b), and it found the meaning of the statute to be clear on its face. *State* v. *Denby*, 235 Conn. 477, 481, 668 A.2d 682 (1995). Disagreeing with our conclusion in *State* v. *Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994), aff'd on other grounds, 235 Conn. 477, 668 A.2d 682 (1995), that the statute was merely a sentence enhancement, our Supreme Court explained: "The first sentence [of § 21a-278a (b)] provides that if any person who is not drug-dependent violates § 21a-277 or § 21a-278 in one of the ways set forth therein, and does so within [1500] feet of a school,

that person will receive an additional three year term of imprisonment. The second sentence of § 21a-278a (b) places an additional limitation on the location requirement: 'To constitute a violation of this subsection, an act of transporting or possessing a controlled substance shall be with intent to sell or dispense in or on, or within [1500] feet of, the real property comprising a public or private elementary or secondary school.' This sentence further defines two of the ways previously described—that is, 'transporting or possessing a controlled substance'—by adding that they 'shall be with intent to sell or dispense in or on, or within' the [1500] foot zone. Therefore, the plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within [1500] feet of a school." *State* v. *Denby,* supra, 481–82.

Because our Supreme Court has directed that General Statutes § 1-2z was enacted to restore the plain meaning rule, not to overrule our prior case law interpreting our statutes; *Hummel* v. *Marten Transport, Ltd.,* 282 Conn. 477, 501, 923 A.2d 657 (2007); we also look to the cases in which we have examined the legislative history relating to the passage of § 21a-278a. In *State* v. *Player,* 58 Conn. App. 592, 597, 753 A.2d 947 (2000), relying on *State* v. *Denby,* supra, 235 Conn. 477, along with the plain language of § 21a-278a and the legislative history associated therewith, we concluded that § 21a-278a creates a separate substantive offense and that it is not merely a penalty enhancement provision. See also *State* v. *Barber,* 64 Conn. App. 659, 675–76, 781 A.2d 464, cert. denied, 258 Conn. 925, 783 A.2d 1030 (2001). We explained that the legislative history of § 21a-278a (b) reveals that in enacting this statute, the legislature expressed its intent to create a separate substantive offense. *State* v. *Player,* supra, 597; see also *State* v. *Barber,* supra, 675–76. "During debate on this provision,

its [legislative] sponsor, Representative William Kiner, observed, 'Three new categories of crime are also in this file copy, basically what it does is to say that anyone . . . who sells within [1500] feet of a school . . . would now be guilty of a crime and as such we would be adding on two years to an already five year minimum sentence.' 30 H.R. Proc., Pt. 24, 1987 Sess., p. 8656. Additionally, Representative Richard Tulisano remarked, 'The body of this bill deals with a *new crime* dealing with sale near a schoolhouse' . . . id., p. 8658; and Representative Robert Jaekle commented that 'we're talking about a *new criminal law.*' . . . Id., p. 8712." (Emphasis in original.) *State* v. *Player,* supra, 597.

We take this time to distinguish this legislative history from the history found concerning the enactment of General Statutes § 53-202k, the firearm enhancement statute, the contents of which strongly suggest that the legislature intended to make § 53-202k an enhancement statute and not a separate crime. "Section 53-202k was enacted as part of a comprehensive legislative plan for dealing with assault weapons. See Public Acts 1993, No. 93-306 (P.A. 93-306), now codified at General Statutes §§ 53-202a through 53-202k. During the debate on P.A. 93-306, Representative Michael P. Lawlor described [General Statutes] §§ 53-202j and 53-202k as establishing, 'new enhanced mandatory minimum penalties for the commission of a felony.' . . . 36 H.R. Proc., Pt. 32, 1993 Sess., p. 11,540. Representative Lawlor also explained that § 53-202k was intended, '[to add] five years to the end of whatever other sentence [a defendant is] receiving as a consequence of these acts. . . . This legislation requires five years to be tacked on to the end of [the] sentence [for the underlying felony] which must run consecutively and which cannot be suspended or reduced in any manner. So that would be in addition to the minimum mandatories that are

already in existence for whatever the underlying crime was. So, it is five additional years on top of the other sentence.' . . . 36 H.R. Proc., Pt. 33, 1993 Sess., pp. 11,727–28. Similarly, Representative Reginald L. Jones, Jr., stated that this legislation 'deal[s] with mandatory sentences that run consecutively and cannot be plea bargained. The purpose, of course, is to make the penalties greater and greater if you use these weapons.' . . . Id., p. 11,725. Finally, Senator Alvin W. Penn explained that the legislation 'requires a mandatory five year sentence . . . in addition and consecutive to any imprisonment for the [underlying] felony.' 36 S. Proc., Pt. 14, 1993 Sess., p. 4956. These comments strongly suggest that the legislature, in enacting § 53-202k, merely sought to establish an additional penalty for a person who commits a class A, B or C felony with a firearm." *State* v. *Dash,* supra, 242 Conn. 148–49.

On the basis of this precedent, we are constrained to reject the petitioner's claim and affirm the judgment of the habeas court, concluding that the petitioner's trial counsel and appellate counsel were not ineffective for failing to argue that § 21a-278a (b) was a sentence enhancement and not a substantive offense. Such arguments would not have been successful.

The judgment is affirmed.